No. 46,614

OVERLAND TRANSPORTATION, INC., *Appellant,* v. FRANK J. HERL AND
SONS, a Partnership, and FRANK J. HERL, *Appellees.*

(506 P. 2d 1113)

Opinion filed
March 3, 1973.

*Douglas B. Myers,* of Dodge City, was on the brief for appellant.

*Byron G. Larson,* of Williams, Larson, Voss & Strobel, of Dodge City, and
*David L. Patton,* of Mitchell, Smith & Patton, of Dodge City, were on the brief
for appellees.

The opinion of the court was delivered by

FATZER, C. J.: This action was brought by plaintiff, Overland
Transportation, Inc. to recover the amount claimed for freight
charges for the hauling of livestock, and a counterclaim by de-
fendants, Frank J. Herl and Sons, a partnership, and Frank J. Herl,
for the recovery of money due upon a written lease of tractors and
trailers for livestock hauling. The parties entered into a written
contract in which the defendants were to rent two tractor-trailer
units to the plaintiff. The revenue derived from the contract was
to be divided 90 percent to defendants and 10 percent to plaintiff
after the expenses were paid. The contract controlled the rights
of the parties.

The case was tried by the district court which made findings of
fact, and concluded that there was $3,741.90 due the plaintiff; that
the plaintiff was indebted to the defendants in the sum of $4,076.87,
and entered judgment in favor of the defendants in the amount of
$335. The plaintiff timely perfected this appeal.

It is unnecessary to summarize the pleadings of the parties, and
it is sufficient to say the case does not present any question of law

concerning the construction of the livestock hauling contract. There is no real dispute in the evidence since the district court relied upon the books, records and accounting procedures of the appellant in determining the amount due the appellees and in entering judgment. In short, the appellant contends that while the district court's findings of fact are supported by the evidence, the judgment entered by the district court is not supported by the findings of fact in that the appellant is entitled to an additional sum of expenses off-setting what the court found to be due the appellees; and, further, that the amount awarded the appellees is not based on the evidence or the findings of fact.

The briefs of the parties cite no cases or other authority, but involve lengthy analyses of the disputed accounting and allocation of proceeds. To marshal the evidence and state the reasons for this court's conclusion would consume several pages of the Kansas reports. In the end, the court would have done no more than review questions of fact neither novel in kind nor of any interest to anyone except the parties to the appeal. The appellant's various points have been fully examined, and the court finds that each is disproved by the evidence and the findings of the district court. No new principle of law of striking interest and no new application of old principles are involved, and when the facts have been determined as the district court did, the judgment rendered follows as a matter of course. This court does not feel any useful purpose would be subserved by a fuller discussion of the case, except to say the district court's findings of fact are amply supported by substantial evidence; that its findings of fact fully support the judgment in favor of the appellees, and they are approved.

The judgment of the district court is affirmed.